UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| WILHELMUS VAN DE LAAR, | ) |
| LEONTIEN VAN DE LAAR, and | ) |
| FOUR-LEAF CLOVER DAIRY, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-CV-242 |
| | ) |
| THEO MOL, VREBA-HOFF DAIRY | ) |
| DEVELOPMENT, LLC, and | ) |
| V624 CR 16, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Wells County Circuit Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiffs Wilhelm van de Laar and Leontien van de Laar are citizens of the State of Indiana, "in that [they are] individual[s] who reside[ ] in Wells County, Indiana" (Notice of Removal ¶¶ 3(a)-(b)) and that "Defendant Theo Mol is a citizen of the State of Michigan, in that he is an individual who resides in Kent County, Michigan" (Notice of Removal ¶ 3(c)). The Notice of Removal then repeats this allegation concerning Mol's citizenship when tracing the membership of Defendant V624 CR 16, LLC ("V624"), of which Mol is the sole member. (Notice of Removal ¶ 3(d).) And the Notice further alleges that "[u]pon information and belief," Defendant Vreba-Hoff Dairy Development, LLC (VDD), is a Michigan limited liability company with its principal place of business in Wauseon, Ohio, and that its sole member is Willhelm van Bakel, who is a Ohio citizen, "in that he is an individual that resides in Fulton

1

County, Ohio." (Notice of Removal ¶ 3(e).)

Defendants' Notice of Removal, however, is inadequate for two reasons. First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Defendants must amend their Notice of Removal to allege the citizenship of Defendant VDD, including its members and their citizenship, *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (concluding that "the citizenship of an LLC for purposes of [ ] diversity jurisdiction is the citizenship of its members"), on personal knowledge rather than on information and belief.

The Notice of Removal is also insufficient because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to

Plaintiffs Wilhelm and Leontien van de Laar and Defendant Theo Mol, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Although Defendants allege that the van de Laars are citizens of the State of Indiana and that Mol is a citizen of Michigan, they do so based on the fact that these individuals *reside* in those states. (*See* Notice of Removal ¶¶ 3(a)-(d).) Residence, however, does not necessarily equate with domicile. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) ("Granted, being a resident isn't the same thing as being a citizen, that is to say, a domiciliary."). Therefore, alleging that the van de Laars are Indiana citizens and that Mol is a Michigan citizen simply because they reside in those states is insufficient to establish their citizenship.

The same holds true for the Defendants' allegations concerning the citizenship of the Defendant LLCs, V624 and VDD. A LLC's citizenship for diversity jurisdiction purposes is the citizenship of its members. *Cosgrove*, 150 F.3d at 731. Because the members of both V624 and VDD are natural persons, the Notice of Removal once again improperly conflates the citizenship of Mol, the sole member of V624, and Willhelm van Bakel—as improperly alleged, the sole member of VDD—with their residency. (*See* Notice of Removal ¶¶ 3(d) ("Its sole member is Theo Mol, a Michigan citizen, *in that he is an individual who resides in Kent County, Michigan*." (emphasis added)), 3(e) ("Upon information and belief, its sole member[ ] is

Willhelm van Bakel, who is a citizen of Ohio *in that he is an individual who resides in Fulton County, Ohio*." (emphasis added)).) Therefore, the Court must be properly advised of the citizenship of Wilhelm van de Laar, Leontien van de Laar, Theo Mol, and Willhelm van Bakel, which depends on their domicile rather than their residence.

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before August 7, 2012, properly alleging on personal knowledge the citizenship of the parties.

SO ORDERED.

Enter for this 24th day of July, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge