# United States District Court
# Northern District of Indiana

WILHELUS VAN DE LAAR, et al.,

        Plaintiffs,

        v.                                                 Civil Action No. 1:12-CV-242 JVB

THEO MOL, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion to remand this action to state court (DE 6).

## A.     Background

Plaintiffs Wilhelmus and Leontien Van de Laar sued Defendants Theo Mol, Vreba-Hoff Dairy Development LLC ("VVD") and V624 CR16 LLC ("V624") in Wells County, Indiana Circuit Court. Defendants removed the action to federal court on the basis of diversity. Plaintiffs filed a motion to remand, to which Defendants Mol and VVD have objected.

Plaintiffs' complaint concerns whether Defendants VDD and V624 complied with the provisions of the Second Amended and Restated Operating Agreement when VVD transferred its majority interest in Four-Leaf Clover Dairy LLC ("FLCD") to V624. They seek injunctive relief, a declaratory judgment, damages, and attorney fees.

**B.    Discussion**

Plaintiffs argue in their motion for remand that Defendants have not established that the

amount in controversy exceeds $75,000, that Defendants failed to comply with the removal

statute (28 U.S.C. §1446(a)) by failing to file in this Court a copy of all pleadings and orders

from the state court action, and that removal violates the forum selection clause in the

Agreement.  The Court reaches only Defendants' final argument.

The forum selection clause in the Agreement provides:

> 10.3    <u>Other Disputes</u>   All disputes concerning the interpretation or enforcement
> of this Agreement other than the disputes described in Section 10.2 above
> shall be filed and determined in the state court in the county in which the
> Company's diary is located.  With respect to all disputes subject to this
> Section 10.3, each Member hereby irrevocably consents to the personal
> jurisdiction of such Court and waives (a) the right to a trial by jury and (b)
> any right to claim that the Court is an inconvenient or unsuitable forum.

(DE 6-1, Agreement at 21.)

Section 10.2 provides for arbitration of disputes arising under Article V of the

Agreement.  Article V concerns the establishment of capital accounts, distributions, and

allocations of profits and losses.

Defendants Mol and VDD assert that the forum selection clause does not apply to

Plaintiffs' complaint, stating that the dispute concerns ownership of FLCD, which they claim is

akin to a dispute under Article V.  They also claim that the forum selection clause is permissive

rather than mandatory.

The Court is not persuaded by these claims.  Plaintiffs' suit involves the interpretation

and enforcement of Article IV of the Agreement, concerning restrictions on transfers of interests.

It does not deal with the matters governed by Article V.  The language of the forum selection

clause— "*all* disputes concerting the interpretation or enforcement of this Agreement . . . *shall* be filed and determined in the state court in the county in which the Company's diary is located" (*id.* (emphasis added))—indicates that the parties intended the clause to be mandatory. Moreover, the enforcement of a forum selection clause in a contract is a permissible basis for remand. *Roberts & Schaefer Co. v. Merit Contracting Inc.*, 99 F.3d 248, 252 (7th Cir. 1996). Accordingly, the motion for remand should be granted.

**C.      Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for remand (DE 6). This action is REMANDED to the Circuit Court of Wells County, Indiana.

SO ORDERED on August 20, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division